**Ruzanna MIRZOYAN; Sarjik Mirzoyan; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–74326.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 30, 2010.

---

*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ruzanna Mirzoyan, pro se.

Andranik Mirzoyan, pro se.

Sarjik Mirzoyan, pro se.

Zoe Jaye Heller, Esquire, Trial, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Ruzanna Mirzoyan and her son, natives and citizens of Armenia, and Ruzanna's husband, Sarjik Mirzoyan, a native of Iran and citizen of Armenia, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

The agency found Ruzanna not credible, inter alia, because the letters submitted by Ruzanna's mother and neighbors, which expressed condolences for the death of Ruzanna's brother and son and warned petitioners not to return, predate the death of Ruzanna's brother as stated in his

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

death certificate and in Ruzanna's testimony. The agency also found Ruzanna not credible based upon her submission of fraudulent documents allegedly from the Armenian Ministry of Defense and Ministry of Internal Affairs.

Substantial evidence supports the agency's adverse credibility determination based on the discrepancy between Ruzanna's testimony and evidence regarding the death of her brother. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000) (inconsistencies between testimony and documentary evidence support an adverse credibility finding). Substantial evidence also supports the agency's finding that petitioners submitted fraudulent documents where there were significant discrepancies apparent from the face of the documents, and the government's forensic report undermined their reliability. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004) (fraudulent documents going to the heart of the claim may justify an adverse credibility finding). In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Petitioners' CAT claim also fails because it is based on the same testimony found to be not credible, and they do not point to any other evidence that shows it is more likely than not they would be tortured if returned to Armenia. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).